IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Civil No. RDB 14-1922 |
| $9,138.00 in U.S. CURRENCY, | |
| Defendant. | |

: : : : : : :

## VERIFIED COMPLAINT FOR FORFEITURE

Plaintiff, the UNITED STATES OF AMERICA, by its attorneys, Rod Rosenstein, United States Attorney for the District of Maryland, and Stefan D. Cassella, Assistant United States Attorney, brings this complaint and alleges as follows in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure:

### NATURE OF THE ACTION

1. This is a civil forfeiture action against United States currency which was furnished or intended to be furnished in exchange for a controlled substance or listed chemical, or constituted proceeds traceable to an exchange of controlled substances or moneys used to facilitate a violation of 21 U.S.C. § 841, and therefore should be forfeited to the United States of America pursuant to 21 U.S.C. § 881(a)(6).

### THE DEFENDANT *IN REM*

2. The defendant property consists of $9,138.00 in United States currency (hereinafter, the "Defendant Property").

3. The Defendant Property was seized on December 21, 2013, from Steven Deon Gillus, pursuant to a traffic stop in Cecil County in the State and District of Maryland.

## JURISDICTION AND VENUE

4. Plaintiff brings this action *in rem* in its own right to forfeit and condemn the Defendant Property. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, over an action for forfeiture under 28 U.S.C. § 1355(a), and over this particular action under 21 U.S.C. § 881.

5. This court has *in rem* jurisdiction over the Defendant Property under 28 U.S.C. § 1355(b). Upon the filing of this complaint, the plaintiff requests that the Court issue an arrest warrant *in rem* pursuant to Supplemental Rule G(3)(b), which the plaintiff will execute upon the property pursuant to 28 U.S.C. § 1355(d) and Supplemental Rule G(3)(c).

6. Venue is proper in this district pursuant to 28 U.S.C. § 1395 because the property is located in this district.

## BASIS FOR FORFEITURE

7. The Defendant Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes: (1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; and (3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

## **DECLARATION**

This affidavit is submitted in support of a complaint for forfeiture of $9,138.00 in United States currency.

I, Jason Leichtman, Sergeant of the Maryland State Police, submit that there are sufficient facts to support a reasonable belief that the $9,138.00 in United States currency constitutes: (1) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (2) proceeds traceable to such an exchange; and (3) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act in violation of 21 U.S.C. § 841, and therefore is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

   a. On December 21, 2013, Trooper Freeman of the Maryland State Police stopped a 2005 Saturn Ion, with Maryland registration 3AN1027 on Northbound Interstate-95 in Cecil County, Maryland, for a speeding violation.
   b. Adrian Gilberto Herrera Diaz ("Diaz") was the driver.
   c. Steven Deon Gillus ("Gillus") was the passenger.
   d. The vehicle is registered to EZ Go Car Rental.
   e. The rental contract indicated that Derrick Miller, who was not present, rented the vehicle.
   f. Trooper Freeman detected an odor of marijuana emanating from the vehicle.
   g. Trooper Freeman conducted a probable cause search of the vehicle.

h. Trooper Freeman located a plastic bag on the rear passenger seat which contained a large amount of United States currency. The currency totaled $9,138.00 ("the defendant currency").

i. Gillus asserted ownership of the defendant currency and said that it was for Christmas gifts.

j. A further search of the vehicle revealed four (4) cell phones. Both Gillus and Diaz claimed to own two (2) phones each.

k. Gillus and Diaz were released without charges being filed.

l. Subsequently, Officer Zagol of the Perryville Police Department conducted a K-9 scan on the money. The K-9 alerted positively for the presence of the odor of a controlled dangerous substance.

m. A criminal history check was conducted on Gillus. Gillus has ten (10) prior arrests, including five (5) arrests for controlled dangerous substance (CDS) violations. Gillus was arrested in September, 2012 for CDS violations, including a felony CDS violation.

n. A criminal history check was conducted on Diaz. Diaz has one (1) prior CDS arrest.

o. A criminal history check was conducted on Miller, the renter of the vehicle. Miller has nine (9) prior arrests, including four (4) CDS arrests. Two (2) of Miller's CDS arrests were for felony violations.

p. A check for wages and employment was conducted for Gillus, through all fifty (50) states. Gillus reported earnings totaling $11,996.00 in 2013.

q. A check for wages and employment was conducted for Miller, through all fifty (50) states. Miller reported earnings totaling $15,566.00 in 2013 and $11,026.00 in 2012.

## FACTS

8. The forfeiture is based upon, but not limited to, the evidence outlined in the attached Declaration of Jason Leichtman, Sergeant of the Maryland State Police, which is incorporated herein by reference.

**WHEREFORE**, THE Plaintiff prays as follows:

1. That any person or persons having any interest therein be cited to appear herein and answer the Complaint;

2. That a Warrant of Arrest *in rem* issue to the United States Marshal commanding the arrest of the Defendant Property;

3. That Judgment of Forfeiture be decreed against the Defendant Property;

4. That upon Final Decree of Forfeiture, the United States Marshal dispose of the Defendant Property according to law;

5. That the Plaintiff have such other and further relief as the case may require.

Dated: 6/11/14

Respectfully submitted,

Rod J. Rosenstein
UNITED STATES ATTORNEY
District of Maryland

_____
Stefan D. Cassella
Assistant United States Attorney
36 South Charles Street
Fourth Floor
Baltimore, Maryland 21201
Tel: (410) 209-4800

  r. A social security number could not be located for Diaz.

I DECLARE UNDER PENALTY OF PERJURY PURSUANT TO TITLE 28 U.S.C. § 1746 THAT THE FACTS SUBMITTED BY THE MARYLAND STATE POLICE, IN REFERENCE TO THE SEIZURE OF $9,138.00 U.S. CURRENCY FROM STEVEN DEON GILLUS ARE ACCURATE, TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

                     Jason Leichtman
                     Sergeant
                     Maryland State Police

## **VERIFICATION**

I, Stefan D. Cassella, declare under penalty of perjury as provided by 28 U.S.C. § 1746, that the foregoing Verified Complaint for Forfeiture is based on reports and information furnished to me by the Drug Enforcement Administration and the Maryland State Police, and that everything contained therein is true and correct to the best of my knowledge and belief.

Dated: 6/11/14

_____
Stefan D. Cassella
Assistant United States Attorney